# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN DUBOISE and )
SYHEED WILSON, )
     Plaintiff, )
      )
         v. )     C.A. No. 1:19-CV-07
      )
      )
OFFICER WOODS, et al, )
     Defendants. )

# ORDER

Pending before the Court are Objections from Plaintiff Ryan Duboise to the Report and Recommendation submitted by United States Judge Richard A. Lanzillo (ECF No. 80) in which the Magistrate Judge recommended the entry of judgment in favor of the Defendants pursuant to Federal Rule of Civil Procedure 58. Upon *de novo* review of the record, including Judge Lanzillo's Report and Recommendation, Duboise's objections are overruled and judgment will be entered in favor of the Defendants.

## I.    Factual and Procedural Background

The factual and procedural background of this matter were thoroughly set out in Judge Lanzillo's Report and Recommendation. Briefly, Duboise and his co-plaintiff Syheed Wilson initiated this action while both were incarcerated at the State Correctional Institution at Forest. Wilson has since been transferred to the State Correctional Institution at Greene. *See* ECF No. 68. Their Complaint, originally filed in the state court and removed to this Court by the Defendants, alleged violations of their rights under the First and Fourteenth Amendments stemming from the Defendants alleged destruction of their property in retaliation for the

1

Plaintiffs' filing of grievances and lawsuits. The Defendants' motion for summary judgment (ECF No. 18) was denied pending an evidentiary hearing regarding the Plaintiffs' exhaustion of issues relating to the Defendants' alleged acts of intimidation. *See* ECF No. 28, p. 2.

Judge Lanzillo conducted an evidentiary hearing on April 13, 2021, pursuant to *Small v. Camden County*, 728 F.3d 265, 270-71 (3d Cir. 2013). The central focus of this proceeding was whether Plaintiffs' administrative remedies were rendered "unavailable" due to statements or acts of intimidation committed by Defendant Woods. Both Plaintiffs testified in the narrative in support of their position and also presented testimony from another inmate, Mr. Leon Washington. *See* ECF No. 76, p.2. Several correctional officers testified on behalf of the Defendants.[1] *See id.* Upon the conclusion of the hearing and after a thorough review of the testimony and legal arguments of the parties, the Magistrate Judge submitted a Report in which he recommended that this Court find that the Plaintiffs have not established that they were deterred from using the grievance process to resolve their claims. *See* ECF No. 80, p. 7.

Specifically, Judge Lanzillo concluded that the Plaintiffs had failed to prove by a preponderance of the evidence that Defendant Woods threatened them or that Woods or any other corrections officer denied them a grievance form. *Id.*, p. 8. Judge Lanzillo pointed to Wilson's testimony that he and Duboise asked to speak to a "high ranking officer and requested grievance forms on the same day that Defendant Woods threatened them with reprisals." *Id.* (citing Hearing Transcript at pp. 44-45). Additionally, Duboise testified that he was not afraid to speak to Caption Carter after the incident. *See id.* (citing Hearing Transcript at p. 52).

The Magistrate Judge also noted that the Plaintiffs continued to file grievances even after the alleged intimidating behavior of Defendant Woods. *Id.* (citing Hearing Transcript at 42-43,

---

[1] These included Officer Dale Barger, Officer Brent Thornton, Officer Tyler Rose, and Captain Charles Carter. *See* ECF No. 76, p. 2.

53).  Wilson acknowledged filing a grievance in October of 2018, including grievances against two of the Defendants in this case: Thornton and Barger.  *Id.* (citing Hearing Transcript at 45).  Duboise acknowledged doing so as well after being allegedly threatened by Defendant Woods.  *Id*, pp. 7-8 (citing Hearing Transcript at 53).  Further, Duboise testified that no physical harm came to him after the filing of those grievances.  *Id.*  In light of this testimony, Judge Lanzillo submitted that the Plaintiffs had failed to demonstrate that any conduct of Defendant Woods deterred them from filing grievances.  *Id.* p. 8 (citations omitted).

## II.    Plaintiff Duboise's Objections

Plaintiff Duboise filed Objections to the Magistrate Judge's Report and Recommendation, (*see* ECF No. 82), but Plaintiff Wilson did not.[2]  Plaintiff Duboise objects on two principal grounds.  First, he contends that Judge Lanzillo "erred by holding a hearing to determine the disputed issues of facts regarding exhaustion."  *See* ECF No. 82, p. 3.  And second, Duboise contends that the Magistrate Judge erred in relying on Duboise's admission that he filed other grievances against two of the defendants in this case, albeit at a later date and unrelated to the actions at issue herein.  *Id.*  Upon review of Judge Lanzillo's Report and Recommendation, Duboise's Objections, and the Court's review of the record in this matter, Duboise's Objections are OVERRULED.

---

[2] This Court considers Defendant Wilson to have waived any objections to the Magistrate Judge's Report and Recommendation; therefore, Judge Lanzillo's conclusions as they concern Plaintiff Wilson will only be reviewed for clear error.  *See, e.g., Collins v. Smith*, 2021 WL 2186404, at *1, n.1 (E.D. Pa. May 28, 2021) ("In the absence of a timely objection … this Court will review [the magistrate judge's] Report and Recommendation for clear error.") (other citations omitted).  Furthermore, Plaintiff Duboise cannot raise objections on behalf of his co-plaintiff. *See Gaines v. Sena*, 2014 WL 2605219, at *1 (W.D. Pa. June 9, 2014) (citing 28 U.S.C. § 1654 and *Alexander v. New Jersey State Parole Bd.*, 160 Fed. Appx. 159, 160 n.1 (3d Cir. Dec. 28, 2005)).

III.     **Duboise's two general Objections are meritless.**

Duboise raises two Objections concerning the overall propriety of the Magistrate Judges'
determination that his administrative remedies were, in fact, available.  He argues that the
Magistrate Judge erred in making a determination that Duboise's claim that he was intimidated
by Defendant Woods was not credible when weighed against Woods' testimony that he never
threatened Duboise and would have given him a grievance form if he had asked for one.  And
second, he contends that a jury, not the Court, must decide whether his administrative remedies
were unavailable.  The Objections are baseless.

It is well recognized within the Third Circuit that "[a] district court may either accept the
recommendation of a magistrate judge or reject the recommendation and reach an independent
conclusion after hearing testimony and viewing witnesses." *Hill v. Beyer*, 62 F.3d 474, 481 (3d
Cir. 1995) (recognizing that the "judicial system affords deference to the finder of fact who hears
the live testimony of witnesses because of the opportunity to judge the credibility of those
witnesses"); *see also Brown v. Adams*, 2021 WL 210490, at *3 (W.D. Pa. Jan. 21, 2021) (citing
*United States v. Raddatz*, 447 U.S. 667, 675-682 (1980) (explaining that a district court may
accept a magistrate judge's recommendation regarding witness credibility without conducting a
*de novo* hearing)).  Upon review of the record, including the transcript of the April 13, 2021,
hearing, this Court agrees with and adopts the Magistrate Judge's findings that Defendant Woods
was credible when he testified that he would have given Duboise a grievance form if he had
asked him for one, as weighed against the credibility of Duboise in his claim that he was refused
a grievance form and intimidated into not filing a grievance.

4

Duboise argues more globally that the question whether his administrative remedies were available to him should have been determined by a jury. *Id.* Again, this argument misses the mark. As the Court of Appeals has explained, "[w]hether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires resolution of disputed facts." *Moore v. Mann*, 2022 WL 135807, at *4 (M.D. Pa. Jan. 13, 2022) (citing *Small v. Camden County*, 728 F.3d 265, 270-71 (3d Cir. 2013)). Indeed, the issue whether a plaintiff has exhausted his or her administrative remedies "constitutes a preliminary issue for which no right to a jury trial exists." *Small*, 728 F.3d at 271. This is precisely why Judge Lanzillo conducted the *Small* hearing.

Testimony was received from Duboise himself that he was not afraid to speak to Captain Carter about the incident in question and that he asked Carter for a grievance form. He also testified that no harm came to him from the either the filing of subsequent grievances or the filing of the instant lawsuit. Additionally, Defendant Woods testified that he did not recall Duboise asking for a grievance but if he had, Woods would have given him one. The other defendants also testified that Duboise never asked for a grievance and Captain Carter specifically testified that he would have ensured that Duboise received one had he asked. The Magistrate Judge correctly concluded from the evidence presented that Duboise failed to meet his burden of showing that his administrative remedies were unavailable.

## IV.    The Magistrate Judge did not err in concluding that Duboise was not intimidated from exhausting his administrative remedies.

In his last Objection, Duboise argues that Judge Lanzillo inappropriately relied on his filing other grievances against two of the Defendants herein—Thornton and Barger—at a later date as evidence that Duboise was not intimidated from using the grievance process. *See* ECF

No. 82, p. 6.  The Magistrate Judge noted, and Duboise does not dispute, that he filed additional grievances even after allegedly being threatened not to do so by Defendant Woods.  See ECF No. 80, p. 8 (citing Transcript at p. 53); ECF No. 82, p. 6.  Duboise now argues that the Magistrate Judge's reliance on this fact was misplaced.  He contends that he did not have to show that he was deterred from using the grievance process, only that Wood's alleged intimidation was capable of deterring a prisoner of ordinary firmness from exercising his rights.  *See* ECF No. 82, p. 6 (citing *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002).  That is not the law in this Circuit.

The Court of Appeals for the Third Circuit has set out a two-part test to prove intimidation: (1) that "the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process," and (2) that "the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust."  *Jackson v. Carter*, 813 Fed. Appx. 820, 824 (3d Cir. 2020) (quoting *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018)).  Neither point was demonstrated by Plaintiffs at the evidentiary hearing.

Judge Lanzillo did not credit Plaintiffs' assertions that they were intimidated into not filing a grievance. That call was based on the totality of the evidence presented at the evidentiary hearing. This decision was not, as it appears to be argued by Duboise here, solely based on the fact that Duboise filed grievances against two of the Defendants at a later time, but rather was based on credibility determinations of the testimony of all of the witnesses on whether Plaintiffs were so intimidated by Defendant Woods and others that they did not file the necessary grievance. Judge Lanzillo's crediting of the testimony that no grievance form was requested or withheld from Plaintiffs, and his rejection of the testimony that Plaintiffs were the subject of intimidation to bully them into not pursuing their administrative remedies, were not error and are

adopted herein. While it is true that the undisputed evidence here demonstrates that Duboise

continued to litigate various grievances, even after being allegedly threatened, that was not the

sole basis for the Magistrate Judge's determination as explained in his exhaustive review of the

evidence and his thorough opinion.

Nonetheless, once Judge Lanzillo determined that the first requirement of the two-part

test was not met because Plaintiffs had not been deterred by intimidation or threat from lodging a

grievance, the inquiry is over. Without a finding that there had been intimidation to keep

Plaintiffs from pursuing their administrative remedies, there is no basis for meeting the second

requirement. The point is that Judge Lanzillo ruled, based on the evidence received, that no

intimidation occurred. That ruling forestalls any argument about what a reasonable inmate of

ordinary firmness would do because *there was no intimidation.*

AND NOW, this 31st day of March 2022;

IT IS  HEREBY ORDERED that Plaintiff Duboise's Objections are overruled.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge

Lanzillo, issued on  July 21, 2021 [ECF No. 80] is accepted and adopted as the opinion of the

court. In accordance with Rule 58 of the Federal Rules of Civil Procedure, judgment is

hereby entered in favor of Defendants and against Plaintiffs.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge